Per Curiam.

The issue presented is whether a violation of an ordinance regulating the speed of motor vehicles is an offense “relating to reckless operation” of motor vehicles warranting a court to suspend the offender’s driver’s license, un *338 der authority of Section 4507.34, Revised Code. That sectioJH provides as follows: U
“Whenever a person is found guilty under the laws of thiffi state or any ordinance of any political subdivision thereof, ofl operating a motor vehicle in violation of such laws or ordiM nances, relating to reckless operation, the trial court of anjB court of record may, in addition to or independent of all otheiH penalties provided by law, suspend for any period of time oitt revoke the license to drive of any person so convicted or plead!! ing guilty to such offenses for such period as it determines, notffl to exceed one year. ’ ’ H
In Chapter 4511, Revised Code, setting forth traffic lawsH for the operation of motor vehicles, there is a section titled* “Reckless Operation of Vehicles” (Section 4511.20, Revised! Code) and which reads as follows: 1
“No person shall operate a vehicle, trackless trolley, or! streetcar without due regard for the safety and rights of! pedestrians and drivers and occupants of all other vehicles,! trackless trolleys, and streetcars, so as to endanger the life,! limb, or property of any person while in the lawful use of the! streets or highways.”
Since Section 4507.34, Revised Code, hereinbefore quoted, refers to “laws,” “ordinances,” and “offenses” in the plural, it was clearly not the intention of the General Assembly to re-, late “reckless operation” to Section 4511.20 only. A law or ordinance prohibiting speeding is a prohibition “relating to reckless operation” of a motor vehicle within the meaning of Section 4507.34, supra, and authorizes suspension of a driver’s license.
By Section 6296-30, General Code (now Section 4507.34, Revised Code), all courts of record are empowered to suspend drivers’ licenses for not exceeding one year upon conviction of the violation of laws and ordinances relating to reckless driving. See State v. Joiner, supra.
This court is of the opinion that defendant’s plea of guilty to a charge of unlawfully operating a motor vehicle “at the rate of 60 miles per hour, in a 25-mile zone, such speed being greater than was reasonable and proper, having due regard to the traffic, surface, and width of said street, and other condi- *339 lions then existing, in violation of Section 79, Chapter No. 24, Pode of the City of Akron,” is an admission that he was driving Idthout£ ‘ dne regard ’ ’ for the rights of others.
For the foregoing reasons, the judgment of the Court of Lppeals is reversed and that of the trial court affirmed.

Judgment reversed.

WeygaNdt, C. J., Zimmerman, Stewart, Bell, Taet, Matthias and Herbert, JJ., concur.